UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PEGGY WALSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16 CV 800 RWS |
| | ) | |
| MUTUAL OF OMAHA INS. CO., | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

This matter is before me on plaintiff's motion to remand to state court. Plaintiff worked for Saint Louis University Hospital as a billing representative. Saint Louis University owns and operates the hospital. Defendant provides long term disability benefits to hospital employees such as plaintiff. Plaintiff was diagnosed with psoriatic arthritis and eventually stopped working and applied for disability benefits from defendant. After defendant denied plaintiff's claim for benefits, plaintiff filed the instant action for breach of contract in state court. Defendant removed the case to this Court, alleging that this Court has federal question jurisdiction because plaintiff's claim is preempted by the Employee Retirement and Income Security Act (ERISA). Plaintiff now moves to remand her claim to state court on the ground that the benefits plan at issue is a "church plan"

and therefore exempt from ERISA. Because the benefits plan at issue is governed by ERISA, the motion for remand will be denied.

Discussion

"Removal based on federal question jurisdiction is governed by the well pleaded complaint rule: jurisdiction is established only if a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Pet Quarters, Inc. v. Depository Trust and Clearing Corp.*, 559 F.3d 772, 779 (8th Cir. 2009). However, there is an exception to the well pleaded complaint rule which permits removal when a federal statute wholly displaces the state-law cause of action through complete preemption. *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207-08 (2004). The parties do not dispute that ERISA is such a statute. However, the parties disagree about whether the benefits plan at issue here is covered by ERISA. According to plaintiff, the benefits plan is a church plan and therefore exempt from ERISA. "'If the disability plan [is] a church plan, no federal question would exist because the plan would not be covered by ERISA . . . we must remand the case to state court if the disability plan [is] a church plan.'" *Chronister v. Baptist Health*, 442 F.3d 648, 651 (8th Cir. 2006) (quoting *Lown v. Cont'l Cas. Co.*, 238 F.3d 543, 547 (4th Cir. 2001)). Conversely, federal courts have jurisdiction to hear actions brought to recover benefits under an ERISA plan. *Id.*

*Chronister* sets out the controlling law in this circuit regarding church plans as follows:

> Church plans are not ERISA plans. *Id.* "The term 'church plan' means a plan established and maintained . . . for its employees (or their beneficiaries) by a church or by a convention or association of churches which is exempt from tax under section 501 of Title 26." 29 U.S.C.A. § 1002(33)(A) (2005). Further, the statute defines church plans to include plans "established and maintained for its employees by a church or by a convention or association of churches includ[ing] a plan maintained by an organization, whether a civil law corporation or otherwise, the principal purpose or function of which is the administration or funding of a plan or program for the provision of retirement benefits or welfare benefits, or both, for the employees of a church or a convention or association of churches, if such organization is controlled by or associated with a church or convention or association of churches . . . ." 29 U.S.C.A. § 1002(33)(C)(i) (emphasis added). "An organization, whether a civil law corporation or otherwise, is associated with a church or a convention or association of churches if it shares common religious bonds and convictions with that church or convention or association of churches." 29 U.S.C.A. § 1002(33)(C)(iv). For example, an organization is controlled by a church when a majority of the officers or directors are appointed by a church's governing board or by officials of a church. 26 C.F.R. § 1.414(e)–1(d)(2). The regulations also state that an organization is associated with a church if it shares common religious bonds and convictions with that church. *Id.*

442 F.3d at 651-52.[1]

The Eighth Circuit Court of Appeals has adopted the Fourth Circuit Court of Appeal's three-factor test for determining whether an organization shares common bonds and convictions with a church such that its benefit plan is a church plan exempt from ERISA. *Id.* at 653 (citing *Lown*, 238 F.3d at 548). "'Three factors

---

[1] To the extent defendant argues in its sur-reply that other circuits' interpretations of "church plan" should be substituted for that used by the Eighth Circuit in *Chronister*, the argument is rejected.

3

bear primary consideration: (1) whether the religious institution plays an official role in the governance of the organization, (2) whether the organization receives assistance from the religious institution, and (3) whether a denominational requirement exists for any employee or patient/customer of the organization.'" *Id.* (quoting *Lown*, 238 F.3d at 548).

In *Chronister*, the Eighth Circuit concluded that the benefits plan offered by Baptist Health hospital was not a church plan. 442 F.3d at 652-54. The Court first noted that the hospital was no longer controlled by the Baptist Church, so its plan could not be considered a church plan under 29 U.S.C.A. § 1002(33)(A). *Id.* at 652. It then proceeded to consider whether the hospital's plan was a church plan because the hospital shared "common religious bonds and convictions" with the Baptist Church such that it could be considered "associated with" the church under 29 U.S.C.A. § 1002(33)(C) and its accompanying regulations. *Id.* Plaintiff argued that the hospital's plan was a church plan under this test because the hospital imposed strict denominational requirements on certain employees, referred to itself as a Christian organization, and the principles and precepts of the Baptist church governed the type of health care provided by the hospital. *Id.* at 653.

Applying the three-factor test adopted from the Fourth Circuit, the Eighth Circuit concluded that the hospital's plan was not a church plan and was therefore subject to ERISA. *Id.* at 654. In rejecting the plaintiff's arguments, the appellate

4

court noted that the Baptist Church's convention played no role in the governance of the hospital and did not approve the hospital's board members or provide financial support. *Id.* at 653. The hospital's denominational requirement for certain employees was not dispositive as it was limited to certain members, and the hospital treated patients of all religions and faiths. *Id.* Finally, the hospital espoused only general Christian principles, not specific doctrines of a Baptist church. For these reasons, the hospital's plan was an ERISA plan, not a church plan, and federal subject-matter jurisdiction was therefore proper. *Id.* at 654.

Plaintiff argues that SLU's plan is a church plan because SLU shares common religious bonds with the Catholic Church. Plaintiff asserts that SLU identifies itself as a Catholic University and that the bylaws require it to be motivated by Judeo-Christian values and guided by Jesuit traditions. SLU's president must be "committed" to the University's Catholic tradition, and the by-laws require at least six Jesuits (but no more than 12 out of between 25-55 members) on the Board of Trustees. SLU is also listed in the "Official Catholic Directory." SLU hospital claims to be guided by Judeo-Christian values and "dedicated to excellent service in the Catholic Jesuit tradition."

Here, there is no evidence that SLU or SLU hospital is controlled by the Catholic Church, so the plan at issue cannot be considered a church plan under 29 U.S.C.A. § 1002(33)(A). Under *Chronister*, I must then proceed to consider

5

whether the hospital's plan is a church plan because SLU and the hospital share "common religious bonds and convictions" with the Catholic Church such that it can be considered "associated with" the church under 29 U.S.C.A. § 1002(33)(C) and its accompanying regulations.

Applying the three-factor test from *Chronister*, plaintiff has not established that the plan at issue is a "church plan." First, there is no evidence that SLU or its hospital receives financial support from the Catholic Church, or that the Catholic Church governs or approves board members for SLU or the hospital. Plaintiff's reliance on a 1986 law review article written by an attorney as evidence that SLU's hospital plan is a church plan is unavailing. The mere fact that SLU may be listed in something called the "Official Catholic Directory" is not relevant – no less persuasive – evidence that the Catholic Church plays an official role in the governance of SLU and its hospital. Finally, I reject plaintiff's suggestion that there is a denominational requirement for SLU and the hospital merely because SLU's president must be "committed" to the University's Catholic tradition, and the by-laws require at least six Jesuits (but no more than 12 out of between 25-55 members) on the Board of Trustees. The Eighth Circuit considered and rejected similar arguments in *Chronister*. Here, as in *Chronister*, any denominational requirement is limited to certain members (and with respect to the Board of Trustees is specifically designed to make sure that it does *not* result in a majority of

6

Jesuit board members), and the university and hospital only espouse general Judeo-Christian values and being guided by Jesuit traditions. Like *Chronister*, there is also no evidence in this case that SLU hospital does not treat patients of all religions and faiths. For these reasons, I conclude that benefits plan at issue here is an ERISA plan, not a church plan, and federal subject-matter jurisdiction is proper. Therefore, the motion for remand will be denied.

Finally, as I have now concluded that this case is governed by ERISA, I will give plaintiff 20 days to amend her complaint to assert a claim for denial of benefits under ERISA and deny defendant's motion to dismiss without prejudice as moot. If plaintiff does not timely amend her complaint in compliance with this Memorandum and Order, I will *sua sponte* reinstate defendant's motion to dismiss and dismiss plaintiff's complaint for the reasons stated therein.

Accordingly,

**IT IS HEREBY ORDERED** that the motion for remand [12] is denied.

**IT IS FURTHER ORDERED** that plaintiff is granted leave, up to and including **October 11, 2016**, to file an amended complaint in compliance with this Memorandum and Order.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss the complaint [4] is denied without prejudice as moot and will be reinstated and

granted as set out above if plaintiff does not file an amended complaint in compliance with this Memorandum and Order.

                                                     */s/ Rodney W. Sippel*
                                                     RODNEY W. SIPPEL
                                                     UNITED STATES DISTRICT JUDGE

Dated this 20th day of September, 2016.